IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-64-GF-SEH |
| | CV 13-09-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| HAARUN ABU LATIF MUNIR, | OF APPEALABILITY |
| Defendant/Movant. | |

_____

On February 1, 2013, Defendant/Movant Haarun Munir ("Munir"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. A brief in support accompanied the motion.

**I. Preliminary Screening**

The motion is to be accorded preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On May 24, 2010, Munir was indicted for: (1) conspiracy to possess more than 500 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 841(a) and 846 (Count 1); (2) possession of the same quantity of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and (3) distribution of the same, a violation of 21 U.S.C. § 841(a)(1) (Count 3). Indictment (doc. 1) at 2-3. Chief Federal Defender Anthony Gallagher was appointed to represent him. Order (doc. 10).

The offense was alleged to have occurred between June 1, 2008, and June 27, 2009. Indictment at 2. On the latter date, Munir was arrested in connection with a state offense and gave a statement to police.

As of June 1, 2008, Munir's criminal record included at least two prior felony drug convictions that were final. Presentence Report ¶¶ 56-57. Consequently, if convicted on any count in the Indictment, he was subject to a mandatory sentence of life in prison, provided the United States timely filed an Information alleging the prior convictions. 21 U.S.C. §§ 841(b)(1)(A), 851(a)(1).

Gallagher filed a motion for disclosure of the identity of confidential informants and a motion to suppress Munir's statement to police. The motion to suppress was denied. The motion for disclosure was granted, provided Munir chose to go to trial. Orders (docs. 23, 24).

On August 30, 2010, Munir moved to change his plea from not guilty to guilty. A fully executed plea agreement was filed. In exchange for Munir's plea of guilty to Count 1, the United States agreed to dismiss Counts 2 and 3 and to recommend a two-point adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Plea Agreement (doc. 26) at 2-3 ¶¶ 4-5, 10 ¶ 11. Munir pled guilty in open court on September 7, 2010. Minutes (doc. 33). The United States did not file an Information under 21 U.S.C. § 851.

A presentence report was prepared. Munir was held responsible for more than 500 grams but less than 1.5 kilograms of methamphetamine, the smallest amount compatible with Munir's guilty plea. Presentence Report ¶ 43. Based on a total

offense level of 34 and a criminal history category of VI, Munir's advisory guideline range was 262-327 months. Presentence Report ¶ 105. He was sentenced to serve 300 months in prison, to be followed by a five-year term of supervised release. Minutes (doc. 38); Judgment (doc. 39) at 2-3.

The reasonableness of sentence was appealed. On October 3, 2011, the sentence was affirmed. *United States v. Munir*, No. 10-30373 (9th Cir. Oct. 3, 2011) (unpublished mem. disp.) (doc. 48). A petition for writ of *certiorari* in the United States Supreme Court was denied on January 17, 2012. Clerk's Letter (doc. 51) at 1.

Munir's conviction became final upon denial of the petition for writ of *certiorari*. 28 U.S.C. § 2255(f)(1). He represents that he signed his § 2255 motion and placed it in the prison mailing system on January 17, 2013. Mot. § 2255 (doc. 52) 15. The motion was not received by this Court until February 1, 2013. Under *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule), the Court will assume the motion is timely.

### III. Claims and Analysis

Munir alleges that Gallagher violated his Sixth Amendment right to the effective assistance of counsel in several respects. *Strickland v. Washington*, 466 U.S. 668 (1984), governs such claims. First, Munir must allege facts sufficient to show,

4

if true, that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

"To earn the right to a hearing," Munir is "required to allege specific facts which, if true, would entitle him to relief." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citing *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). He is not entitled to a hearing if his allegations of fact are "'palpably incredible or patently frivolous.'" *Id.* (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985), and *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam)). Allegations not incredible on their face may become so when viewed in light of the record of the case. *See* Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

**A. Career Offender Enhancement**

Munir contends that Gallagher misadvised him about application of the career

5

offender enhancement, U.S.S.G. § 4B1.1. He also asserts that, had he correctly understood its potential application, he would not have pled guilty and would instead have taken his case to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

The career offender enhancement made little difference in Munir's advisory guideline range. Without the enhancement, Munir's total offense level would have been 33 instead of 34. Presentence Report ¶ 49. His criminal history category would have remained VI, the highest level. Presentence Report ¶ 69. Thus, the career offender enhancement increased the advisory guideline range from 235-293 months to 262-327 months.

If Munir had chosen to go to trial and had been convicted, he would have faced an advisory guideline range of 360 months to life with the career offender enhancement and 324-405 months without the career offender enhancement. Both are significantly higher than the ranges available after Munir pled guilty. Munir, however, gives no indication that Gallagher gave him "erroneous advice on the possible effects of going to trial." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986), particularly in light of Munir's own statement, *see* Part III.D, *infra*. Nor did counsel give Munir a "gross mischaracterization" of the likely outcome at sentencing. *Iaea*, 800 F.2d at 865.

Wholly apart from the applicable guidelines, had Munir gone to trial, the United States could have filed a 21 U.S.C. § 851 Information at any time up to trial. Had it done so, and had Munir been convicted, he would have been sentenced to life in prison.

A reasonable person in Munir's position would not find that application of the career offender enhancement was a substantial factor in the choice between pleading guilty and going to trial. Munir cannot show prejudice. *Hill*, 474 U.S. at 59-60 (explaining the standard is objective). Grounds 1 and 4 of the § 2255 motion, Mot. § 2255 at 5, 9; Br. in Supp. (doc. 54) at 4, 7, are denied.

### B. "Actual Role in the Conspiracy" and "Culpability"

Munir alleges that Gallagher "did not attempt to bargain for any type of agreement that addressed petitioner's actual role in conspiracy," Mot. § 2255 at 7 (Ground Two), and did not adequately investigate "the offense, or the petitioner's culpability," *id.* at 8. There is no discrepancy between the conviction and sentence Munir incurred and his actual role or culpability in the conspiracy. His own statements amply supported culpability and conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The driving factors in sentence are set forth in the Presentence Report and are addressed below. In addition, of course, Munir simply ignores the fact of his statutory eligibility for a mandatory life sentence. Neither prong of the

7

*Strickland* test is met. This claim is denied.

**C. Use of Prior Convictions**

Munir asserts that Gallagher should have objected to application of the career offender enhancement based on *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996), and *United States v. Hayes*, 532 F.3d 349 (5th Cir. 2008). This enhancement can apply if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). In *Breckenridge*, the district court found the defendant had six prior felony convictions. All six offenses had been tried together to one jury, because they were closely related in time and geographical proximity. 93 F.3d at 134-35. Based on Application Note 3 to U.S.S.G. § 4A1.2, *Breckenridge* held that a hearing was required to determine whether the six offenses consolidated for trial were "related" under the guidelines and should have counted as only one conviction. *Id.* at 140. Similarly, *Hayes* held that offenses consolidated for sentencing could be "related" and thus count as one conviction. 532 F.3d at 353-55.

In Munir's case, the career offender enhancement applied if he pled guilty or was convicted by a jury of at least two separate felony drug offenses or felony crimes of violence before June 1, 2008, the commencement date of the conspiracy to which

8

he pled guilty. *See* U.S.S.G. §§ 4B1.2(a), (c); Indictment at 2. Munir was sentenced[1] for a felony drug offense in Benton County, Washington, in 1995, Presentence Report ¶ 56; for another felony drug offense in Benton County in 1997, Presentence Report ¶ 57; for first-degree robbery, a crime of violence, in Yakima County, Washington, in 2000, Presentence Report ¶ 58; for a third felony drug offense in Benton County in 2005, Presentence Report ¶ 61; and for a fourth felony drug offense in Kittitas County, Washington, in 2004, Presentence Report ¶ 62. Each of these offenses was committed at a different place and time from each of the others. Court records were not available for the Kittitas County conviction. Presentence Report ¶ 62. Assuming, solely for the sake of argument, it was consolidated for trial with Munir's third felony drug conviction in Benton County, Munir had four qualifying convictions. Only two were required.

No challenge was available under *Breckenridge* and *Hayes*. Munir shows neither deficient performance nor prejudice. This claim, Ground 2, Mot. § 2255 at 7; Br. in Supp. at 5, is denied.

**D. Failure to Investigate**

Munir contends that Gallagher should have investigated the "background" of

---

[1] The Presentence Report does not give the date of the plea or verdict, but that date could not have been later than the sentencing date.

the unindicted co-conspirators involved in the offense. Apart from the statements and involvement of many others, Munir faced one highly credible and damaging witness: himself. In a statement given on June 30, 2009[2] – that is, a year before he was indicted in this Court and before Gallagher was appointed to represent him – Munir admitted receiving one to one and a half ounces of methamphetamine from Blanca Christina Almaguer each week for eight months. Offer of Proof (doc. 27) at 3 ¶ 4; Presentence Report ¶ 33. He also admitted purchasing at least three ounces of methamphetamine in Kennewick, Washington, from "Chauncey" and "Junior." Presentence Report ¶ 34. He admitted selling these drugs. Offer of Proof at 3-4 ¶ 5; Presentence Report ¶ 35. The first of these amounts alone was more than enough to support both Munir's guilty plea and the sentence he received. Counsel attempted to suppress Munir's statements. After a hearing at which Munir testified, the motion was denied. Def. Mot. to Suppress (doc. 17); Mem. in Supp. (doc. 18); Resp. by United States (doc. 19); Minutes (doc. 22); Order (doc. 23).

Extensive investigation of the unindicted co-conspirators would not have made any difference in the weight of Munir's own statement. Munir cannot show prejudice. There is no need to determine whether Gallagher actually considered investigating the

---

[2] The Presentence Report occasionally gives the date as June 2010. It was 2009. Presentence Report ¶ 65; Mem. in Supp. of Mot. Suppress (doc. 18) at 2.

backgrounds of the unindicted co-conspirators.

Munir also questions why "the petitioner is the only one indicted in his conspiracy, i.e. why would the government give everyone else involved in petitioner's case immunity from prosecution?" Br. in Supp. at 6. No basis exists for assuming the United States conferred immunity on anyone. Choosing not to prosecute is not the same thing as granting immunity. Regardless, the fate of co-conspirators has no bearing on Munir's own statements.

This claim, Ground 3, Mot. § 2255 at 8; Br. in Supp. at 6, is denied.

**E. Sentencing Enhancements**

Munir alleges that counsel was ineffective at sentencing because he failed to challenge the weapon enhancement, the drug quantity, and the leader/organizer enhancement. None has merit.

### 1. Firearm Enhancement

Munir claims the weapon enhancement was based on "a gun found in an unsecured suitcase in the home of an unindicted co-defendant [sic]." He states "petitioner was not in possession, nor were petitioner's fingerprints on the gun." Br. in Supp. at 8. But the facts set forth in the presentence report – facts Munir reviewed and discussed with Gallagher, Sentencing Tr. at 4:2-5 – plainly support the enhancement, which "should be applied if the weapon was present, unless it is clearly

11

improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) Application Note 11(A).

First, when officers searched Mandi Winchell's apartment in Missoula, where Munir was staying at the time of his arrest, they found "several pieces of luggage, claimed by the defendant." One of them contained "a Hi Point .380 caliber semi automatic handgun." Presentence Report ¶ 22. And, when Mandi Winchell found a "small black and silver semi automatic handgun under the cushion of her living room chair," Munir "took possession of the handgun and told her not to worry about the gun, as he always kept the gun on safe." Presentence Report ¶ 31. The applicable law does not require any showing that the weapon was "used in the conspiracy." Br. in Supp. at 8.

### 2. Leader/Organizer Enhancement

Munir asserts that there was no evidence to support a role enhancement because no one else was indicted. Br. in Supp. at 8. The basis for the enhancement was set forth in the advisory guideline calculation, Presentence Report ¶ 46. It was supported by Munir's conduct in the offense, *e.g.*, Presentence Report ¶¶ 12-13, 19-20, 24-25, 28, 32, 37. This claim is frivolous.

### 3. Drug Quantity

As explained, Munir's own statements established his responsibility for well

over 500 grams of methamphetamine, enough to support both his guilty plea under 21 U.S.C. § 841(b)(1)(A)(viii) and his sentence, Presentence Report ¶ 38; U.S.S.G. § 2D1.1(c)(4).

### 4. Conclusion

Munir shows no basis for challenge of any of the enhancements. Neither prong of the *Strickland* test is met as to any of the enhancements. This claim, Ground 6, Mot. § 2255 at 10; Br. in Supp. at 9, is denied in its entirety.

### F. Assistance on Appeal

Munir asserts that Gallagher also provided ineffective assistance of counsel on appeal because he failed to challenge the drug quantity, the leader/organizer enhancement, and the firearm enhancement, and because he "failed to refile appeal for further consideration." Mot. § 2255 at 9.

Munir's claims relating to the sentence are meritless; so, therefore, is his related claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying *Strickland* standards to claims against appellate counsel). Finally, there is no "refiling" of an appeal "for further consideration." A petition for writ of certiorari was filed. That is the end of the line. This claim, Ground 5, Mot. § 2255 at 9; Br. in Supp. at 8, is denied.

**V. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Munir's claims makes the required showing. Munir was indicted under 21 U.S.C. § 841(a)(1) and was subject to sentencing under § 841(b)(1)(A)(viii). He had at least two distinctly separate prior felony drug convictions that were final before he committed the offense in this case. Consequently, he could have faced a mandatory sentence of life in prison, 21 U.S.C. § 841(b)(1), but the United States did not file an Information under 21 U.S.C. § 851. The career offender enhancement applied, *see* U.S.S.G. § 4B1.1, increasing Munir's advisory guideline range from 235-293 months to 262-327 months. He was sentenced to 300 months, which is at least two years less than the low end of the lowest available guideline range he would have faced if he had not pled guilty. By the terms of Munir's own motion, he was aware of the career

offender enhancement, and there is no reason to infer that he would have gone to trial instead of pleading guilty had he understood what he now claims he did not.

The most damaging evidence against Munir was his own statement to police on June 30, 2009. Counsel attempted to suppress it but was not successful. The statement supported both the guilty plea and the drug quantity for which Munir was held responsible at sentencing. Even if counsel had exhaustively explored the backgrounds of all the unindicted co-conspirators, he could not have altered Munir's own statement. There was not the slightest support for an argument that the prior offenses used against Munir were related, that the firearm enhancement did not apply, or that the leader/organizer enhancement did not apply.

Munir's claims do not surmount even the relatively low threshold of 28 U.S.C. § 2253(c)(2). There is no reason to encourage further proceedings. A COA will be denied.

**ORDERED**:

1. Munir's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 52) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Munir files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-09-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Munir.

DATED this <u>12th</u> day of June, 2013.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge