# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HAARUN ABU LATIF MUNIR,<br><br>Defendant. | **Cause No. CR-10-64-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Defendant Haarun Abu Latif Munir ("Munir") was sentenced on a count of conspiracy to distribute methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. (Doc. 38.) Munir was sentenced to 300 months of incarceration. (*Id.*) Munir was sentenced to 5 years of supervised released (*Id.*) Munir filed a pro se motion for compassionate release and request for appointment of counsel on May 20, 2024. (Doc. 62.) Munir's counsel filed a supplemental brief in support of compassionate release on October 15, 2024. (Doc. 73.) Munir's projected release date is January 2032, according to the Bureau of Prisons website. Inmate Locator, https://www.bop.gov/inmateloc (accessed March 3, 2025) Munir argues that extraordinary and compelling reasons warrant a reduction in sentence, including his need for specialized medical care. (Doc. 183 at 7-8.) The Government opposes

1

Munir's release and argues that none of the factors, either singly or together, warrant extraordinary or compelling circumstances that justify release. (Doc. 77.)

## FACTUAL BACKGROUND

Munir was identified as a significant member in a drug trafficking organization trafficking marijuana, methamphetamine and cocaine from Yakima, Washington to Havre, Montana. (PSR at 5-6.) Munir used other people to distribute drugs for him to avoid detection. Munir also used various aliases to avoid detection. (*Id*. at 7.) Munir was identified by several people as the person who would control drug distribution (*Id*. at 8-9.) Munir alleged to be selling drugs to support his children, their mothers, and his mother. (*Id*.)

## DISCUSSION

Munir has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Munir contends that extraordinary and compelling reasons exist for reducing Munir's sentence and that the § 3553(a) factors support such a reduction. The Government opposes the motion. (Doc. 184.)

**I.   Motion for Compassionate Release**

   **A. Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558,

The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the

3

BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts,

4

rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

## B. Exhaustion of Remedies

Munir submitted a request for compassionate release to the warden of the facility in which Munir was incarcerated. (Doc. 62.) The BOP did not respond to Munir's request. (*Id*.) A defendant has exhausted administrative remedies if they have been denied a request for compassionate release by a BOP warden or 30 days have passed from the receipt of the request by the warden of the defendant's facility without response. 18 U.S.C. § 3582(c)(1)(A). Munir appropriately exhausted his administrative remedies before filing his motion for compassionate release.

## C. Extraordinary and Compelling Reasons

Munir raises his serious physical and medical conditions as extraordinary and compelling reasons for compassionate release. (Doc. 73.)

### i. Rehabilitation of Munir

Munir argues that his rehabilitation while incarcerated should weigh in favor of compassionate release. (*Id*. at 7.) Rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of

5

imprisonment is warranted." U.S.S.G §1B1.13(d). Munir has done well while incarcerated. Munir has completed treatment and various programs for rehabilitation. (*Id*. at 13-14.) Before Munir had his accident, he worked in the woodshop and built cabinetry that was later used in the community. Munir also worked as a suicide companion for his fellow inmates, and helped assist an inmate who was having a diabetic seizure. (*Id*.) Munir has been sanctioned three times for using alcohol while incarcerated. (Doc. 74 at 1-2.) This rehabilitation factor alone, however, does not warrant immediate release and must be considered with the other factors.

### ii.   Medical Circumstances

Munir cites his ongoing knee pain and immobility weighing in favor of compassionate release. (Doc. 73 at 5-6.) Munir's medical conditions are the type of serious medical conditions that warrant compassionate release. If a defendant is suffering from a medical condition such as terminal illness, serious physical condition, serious functional or cognitive impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G §1B1.13(b)(1)(B). Munir underwent two surgeries for a dislocated patella and tendon repair while incarcerated. (Doc. 74 at 20-23.) The surgeries were ultimately

unsuccessful and Munir has been committed to a wheelchair as a result. (Doc. 73 at 7.) The doctor performing the surgery opined that further surgery poses a high risk and "recommended continuing motion and strengthening and trial with brace with consideration for surgery after patient has more independence and ability to control post-operative recover after release." (*Id* at 8) (citing Doc. 74 at 10-11.) This factor weighs in favor of granting a reduction in Munir sentence.

### iii. Other Reasons

Section 1B1.13(b)(5) of the USSG provides that extraordinary and compelling reasons may exist when a defendant "presents any other circumstance or combination of circumstances" that are "similar in gravity" to the other enumerated extraordinary and compelling reasons. The Court will consider Munir's current sentence in consideration of the § 3553(a) factors.

### D. Section 3553(a) Factors and Danger Posed by the Defendant

The Court still must determine whether the defendant represents a danger to the safety of others or the community and whether the requested reduction would comport with the § 3553(a) factors. USSG § 1B1.13(a); 18 U.S.C. 3582(c)(1)(A). Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*) Section 3142(g) of Title 18 of the United States Code outlines similar considerations for determining whether someone represents a danger to the safety of others or the community. These factors include the nature and characteristics of the offense and the history and characteristics of the defendant.

    Munir committed a serious offense that resulted in the influx of large amounts of dangerous drugs into Montana. Munir has served more than 14 years in prison, not accounting for good time credit. As discussed above, Munir has a release date of January 2032. The Court recognizes the great difficulty Munir faces being incarcerated while in a wheelchair. The Government argues that there are administrative remedies available to Munir to be placed in a medical facility more suited to his disability. Munir needs medical care beyond what is offered in a prison

8

setting and the current sentenced imposed likely exceeds Munir's need for punishment.

Munir wrote to the Court prior to his sentencing saying that he needs help "not just some extremely long prison term. [Munir] consumed more meth than [Munir] distributed." Munir clearly got involved in drug distribution to fuel his addiction. Munir had no problem organizing and distributing drugs in large quantities and regularly travelling out of state to receive more. The Court hopes Munir continues down a path of reconciliation and his period of incarceration has given him the opportunity to reflect on the positive impact he can have on his community. Munir has failed to demonstrate that extraordinary and compelling reasons exist for his immediate release, however, a reduction in his sentence is warranted.

The Court will reduce Munir's sentence to 240 months on Count 1 to run concurrently with any undischarged state sentence, followed by 5 years of supervised release.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Munir's motion for compassionate release pursuant to 18 U.S.C. § 3582 (Docs. 63; Doc. 73) is **GRANTED in part.**

2. The Court will reduce Munir's sentence on Count 1 to 240 months to run

concurrently with any undischarged state sentence.

3. Munir's sentence will be followed by 5 years of supervised release.

4. The court further directs the Bureau of Prison and the United State Probation Office to prepare an appropriate releasee plan for Munir in advance of his release.

**DATED** this 3rd day of March, 2025.

_____
Brian Morris, Chief District Judge
United States District Court